UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:23-CV-432-CRS

CHRISTIAN AKOUALA                                                    PLAINTIFF

v.

KEY BANK, *et al.*                                                   DEFENDANTS

## **OPINION & ORDER**

Plaintiff Christian Akouala, *pro se*, filed a Complaint against Key Bank, First Bank, and the United States Citizenship and Immigration Service's Louisville Field Office on August 18, 2023. [DN 1]. Simultaneously, Akouala petitioned the court for leave to proceed *in forma pauperis*. [DN 2]. The court granted Akouala leave. [DN 5].

Because Akouala is proceeding *in forma pauperis*, the court must initially review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Washington*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007). Upon review, the court must dismiss a case at any time if the court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When screening the Complaint, the court must construe it in the light most favorable to Akouala and accept well-pled allegations as true. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). And while a reviewing court liberally construes *pro se* pleadings, *see id.*; *Boag v. McDonald*, 454 U.S. 364, 365 (1982), a complaint must include "enough facts to state a claim to relief that is plausible on its face" in order to avoid dismissal, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir.

1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975).

Akouala prepared his Complaint using the United States Courts' *pro se* "Complaint for a Civil Case" form. Under § II of the form, which concerns jurisdiction, Akouala indicated that "the basis for federal court jurisdiction" is federal question and diversity of citizenship. [DN 1 at 4]. Then, in § II(A), which prompts a plaintiff to "list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Akouala wrote the following: "It's bank for persecuting me, I can say sexually, he also persecutes me by even asking things and putting information in my account or in my record which is destroying my whole life." [DN 1 at 4]. Akouala did not direct the court to any federal statutes, federal treaties, or provisions of the United States Constitution that are at issue.

Next, in § III, which prompts a plaintiff to "[w]rite a short and plain statement of the claim," Akouala wrote the following:

> I am your very suppress [illegible] persecution for which I am undergoing [illegible] to the fact particularly of bank and understood the immigration and the acts on me by ignoring the law of this country it is as if I don't have the right, be even understood from work that I returned to the fact of wanting to go to work who persecute, me who even deprives me of the right, there are others who don't even pay for the hours that I worked immigration doing thing with me that you can't imagine my second placing information that is not.

[DN 1 at 5].

Notably, Akouala left § IV blank, which prompts a plaintiff to "[s]tate briefly and precisely what damages or other relief the plaintiff asks the court to order." [DN 1 at 6].

There is an insufficient amount of information in Akouala's Complaint for the court to determine what claim or claims Akouala intends to bring. At best, it appears Akouala is attempting to raise an equal protection claim under the Fourteenth Amendment's Equal Protection Clause.

Still, Akouala's Complaint contains insufficient substance to state a cognizable claim. Akouala simply does not provide any developed factual allegations. [DN 1 at 5–6]. Moreover, Akouala does not request any relief from the court. [DN 1 at 6]. It is not the role of the court to "conjure up unpled allegations," *McDonald,* 610 F.2d at 19, or to create a claim for a plaintiff. *Clark,* 518 F.2d at 1169. Thus, when faced with a complaint like Akouala's that is devoid of cognizable claims and allegations, a court is left with no option but to dismiss it in its entirety for failure to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Accordingly, Akouala's Complaint [DN 1] must be and hereby is **DISMISSED WITHOUT PREJUDICE**. This matter shall be **STRICKEN** from the court's active docket. There being no just reason for delay in its entry, this is a final order. The court further **certifies** that an appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

November 29, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*